UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADDISON HIGGINBOTHAM,<br><br>Plaintiff,<br><br>v.<br><br>CHEVRON CORPORATION,<br><br>Defendant. | No. 1:22-cv-00245-ADA-BAK<br><br>ORDER GRANTING STIPULATION FOR VOLUNTARY DISMISSAL PURSUANT TO FED. R. CIV. P. 41(a)(2)<br><br>(ECF No. 10) |

On November 17, 2021, Plaintiff filed a petition in Kern County Superior Court for an order confirming estate ownership of assets. (ECF No. 1-1.) Defendant subsequently filed a notice or removal to federal court on February 25, 2022. (ECF No. 1.) On August 22, 2022, the parties filed a stipulation for voluntary dismissal pursuant to Federal Rule of Procedure 41(a)(2). (ECF No. 10.) The stipulation between the parties memorializes their agreement on four matters pertaining to the dismissal:

1. All claims asserted in the petition are to be dismissed with prejudice;
2. There shall be no award of attorney's fees and/or costs to any party;
3. Chevron shall direct that Christopher Higginbotham's account in the Employee Savings Investment Plan ("ESIP") shall be divided evenly and in its entirety between Christopher Higginbotham's Estate and Kim Higginbotham's Estate; and

///

  4.  Chevron will pay Christopher's final paycheck to Christopher's Estate and Kim's Estate in equal shares.

Rule 41(a)(2) states, in relevant part,

> [A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Trial courts have broad discretion to grant motions for voluntary dismissal under Rule 41(a)(2). *See Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982). Here, there is no disagreement regarding the terms and conditions of the requested dismissal. Additionally, this action is still in its early stages – Defendant has yet to respond to the petition. In light of these considerations, the court vacates any pending dates in this matter and directs the Clerk of Court to dismiss this case with prejudice.

Accordingly,

1. The parties' joint stipulation (ECF No. 10) is approved, and the matter is dismissed with prejudice;
2. Pursuant to the stipulation, there shall be no award of attorney's fees and/or costs to any party;
3. Pursuant to the stipulation, Chevron shall direct that Christopher Higginbotham's account in the Employee Savings Investment Plan ("ESIP") shall be divided evenly and in its entirety between Christopher Higginbotham's Estate and Kim Higginbotham's Estate;
4. Pursuant to the stipulation, Chevron will pay Christopher's final paycheck to Christopher's Estate and Kim's Estate in equal shares; and

///
///
///
///

5. The Clerk of Court shall terminate any pending motions and/or deadlines and close this case.

IT IS SO ORDERED.

Dated:   September 23, 2022

_____
UNITED STATES DISTRICT JUDGE

3